FILED

10:55 am, 11/20/13

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| ERIK JOHN FINDLEY ) | Case No. 12-21217 |
| AMY JEAN FINDLEY ) | CHAPTER 13 |
| ) | |
| Debtors. ) | |

## OPINION ON AMENDED RULE 59(e) MOTION TO ALTER OR AMEND FINAL ORDER

On November 14, 2013, this Amended Rule 59(e) Motion to Alter or Amend Final Order ("Motion") filed by applicant George Arnold, ("Arnold") and the Trustee's objection came before the court for a telephonic hearing. At the conclusion of the hearing, the court took the matter under advisement. Upon reviewing the record and parties' arguments, the court is prepared to rule.

**Facts**

Debtors retained Arnold to represent them in their Chapter 13 bankruptcy case paying a retainer in the amount of $1,200.00 and signing a representation agreement. They agreed to pay Arnold the amount of $3,500.00 in attorney's fees, plus the filing fee and expenses.

Mr. Arnold filed his application for approval of attorney's fees in the amount of $3,500.00 and reimbursement of expenses in amount of $138.80. Mr. Arnold requested that $2,419.80 be paid through the debtors' confirmed plan. On June 5, 2013, the court entered its order allowing the fees and expenses and granted Arnold's request that the

balance due be paid through the plan. Subsequently, on July 9, 2013, the court dismissed the case based on the Trustee's motion to dismiss, as the debtors failed to pay plan payments. The Trustee paid Arnold the amount of $533.50 from the funds held in the bankruptcy estate.

Mr. Arnold then filed his Motion for Order Nunc Pro Tunc Allowing Attorneys Fees requesting that the order entered by the court on June 5, 2013 be "amended or corrected" to order the debtors to pay the unpaid balance in the amount of $1,888.30 directly to him. The court denied the request. Mr. Arnold filed this Motion.

**Discussion**

The Court entered its order denying Arnold's request to alter or amend the fee application order on September 9, 2013. Mr. Arnold filed this Motion, asserting: (1) the original motion was unopposed, i.e., no objections were filed; (2) Mr. Arnold was not afforded an opportunity to be heard on the motion through oral argument or memorandum; (3) Mr. Arnold was unaware that this court does not allow payment of attorney fees outside the plan that have been earned, if the case has been dismissed as there is no local rule pertaining to this issue; (4) there are circumstances where payment outside the plan or where payment after the final plan payment or after dismissal would be advantageous to the debtor and debtor's attorney; and, (5) the court's ruling that debtors may voluntarily pay the fees, is tantamount to determining that the movant's administrative fees approved by the court is discharged.

The Trustee filed a response, arguing that: (1) Mr. Arnold seeks the same relief which was previously requested and denied; (2) Mr. Arnold does not present any new evidence, only re-argues his previous motion; and, (3) failed chapter 13 cases are not unusual. Experienced Bankruptcy attorneys understand the risks and take that into account in setting the retainer that they require in each case.

**Discussion**

A motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.[1] A manifest error is an error that is planned and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record.[2] A court should grant a motion to alter or amend a judgment only "if there is clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice."[3]

The Tenth Circuit Bankruptcy Appellate Panel ("BAP") in the Gantz case,[4] which is cited by both parties, determined that the fees that the attorney sought to collect from the debtor were disallowed in the bankruptcy case and counsel could not collect the fees directly from the debtor after the bankruptcy was completed and closed. The BAP stated,

---

[1] *Lamb v. Rizzo*, 391 F.3d 1133 (10th Cir. 2004), *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[2] *Black's Law Dictionary* 563 (7th ed. 1999).

[3] *Keenan v. Bagley*, 262 F. Supp. 2d 826, 930 (quoting *GenCorp, Inc., v. Am. Intl' Underwriters, Co.*, 178 F.3rd 804, 834 (6th Cir. 1999).

[4] *In re Gantz*, 209 B.R. 999 (10th Cir. BAP, 1997)

in dicta, "Experienced bankruptcy counsel are well aware of the limitations of 11 U.S.C. § 330 on compensation ...and generally factor these problems into the retainer they extract pre-petition."[5] The BAP succinctly stated, "there is a distinction between disallowing fees as an administrative expense and simply allowing the fees."[6] Applying that distinction to the case before the court, the court approved the attorney fees as an administrative expense to be paid through the plan.

The Bankruptcy Court for the Western District of Arkansas, discussed this further, stating,

> "the court has no power to approve... amount[s] except as they may be drawn against actual cash proceeds now existing in the estate. The court can confer no lien on estate property or prospective estate property which will inure to the benefit of counsel in the future. If there is not, as of the date, ready cash in the estate to pay these awards, then they must go unpaid. The court cannot project an award into a future in which the bankruptcy proceedings may no longer be pending."[7]

In conclusion, the court finds that it has not made a manifest error of law or that newly discovered evidence was presented by Arnold's motion. Mr. Arnold has now had the opportunity to argue his motion and file a memorandum of law for the court's consideration. The court is aware that there may be "circumstances where payment outside the plan may be advantageous to the debtor and debtor's attorney." However,

---

[5] *Gantz, id*, citing 1 Keith Lundin, *Chapter 13 Bankruptcy* §1.113 (2d ed 1994)].

[6] *Gantz* at 1002.

[7] *In re Westfall*, 73 B.R. 186 (Bankr. W.D.Ark, 1986).

Page 4

this court has previously held that any attempt to circumvent plan approval by eliminating attorney fees to attain feasibility is not a legitimate circumstance. However, this is all speculative and irrelevant to the issue presented in this motion.

The court ordered that the attorney fees be paid as an administrative expense as part of the plan. Counsel is an experienced bankruptcy attorney and aware of the inherent risks of plan failures. Mr. Arnold has the ability to address this issue upon retention by debtors filing their bankruptcy petition. The court finds that there is not ready cash available in the estate to pay the awarded fees and they must go unpaid.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 20 day of November, 2013.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
George Arnold
Mark Stewart